CROZIER v. LYONS, AUDITOR OF STATE.

72   401
137  482

1. **Circuit Court:** ABOLITION OF: OFFICE OF CIRCUIT JUDGE INCLUDED. Chapter 134, Laws of 1886, abolishing the circuit court, had the effect to abolish also the office of circuit judge; such being the necessary result of the act, and the power so to do being clearly vested in the legislature.

*Appeal from Polk Circuit Court.*

WEDNESDAY, OCTOBER 5.

AT the general election in the year 1884, the plaintiff was duly elected to the office of circuit judge, in the second circuit of the sixth judicial district in this state. He entered upon the discharge of his duties as such judge, and received the salary provided by law for said office until January, 1887,

at which time a law went into effect which abolished the circuit court as one of the courts of the state.    The plaintiff, claiming that the office of circuit judge has not been abolished by any act of the legislature, and that he is still entitled to the salary affixed to said office, demanded of the defendant, who is auditor of state, a warrant for such salary for the month of January, 1887.    The defendant refused to issue the warrant, and thereupon this action of *mandamus* was commenced, to compel the defendant to issue the same. The defendant claimed, in his answer, that he had no authority to issue such warrant, because the office of circuit judge had been abolished by act of the legislature.    There was a demurrer to the answer, which was overruled, and plaintiff appeals.

*Phillips & Day*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ROTHROCK, J.—By chapter 134, Acts Twenty-first General Assembly, the judicial system of this state was reorganized, and the circuit court was abolished.    It was provided in section 1 of said act " that on and after the 1st day of January, 1887, the circuit court of the state of Iowa shall be abolished;" and section 8 of the act provided as follows: " All the rights, duties and powers and jurisdiction now by law belonging to, or vested in, or exercised by, *the circuit court*, shall, upon and after the 1st day of January, 1887, be transferred to, conferred upon, and exercised by, the *district court;* and all causes, proceedings and remedies of every kind pending or undetermined in the *circuit court at said* date shall stand for trial and disposition in the *district court*, as if originally brought therein."    The act did not in terms abolish the office of circuit judge, and the question to be determined is, was the office abolished by the provisions of the statute above cited?

It is conceded that, in the absence of a constitutional

restriction, the general assembly may abolish any office created by legislative authority. The constitution of this state in section 1, art. 5, provides that "the judicial power shall be vested in a supreme court, district court, and such other courts, inferior to the supreme court, as the general assembly may from time to time establish." Section 10 of said article provides that "the state shall be divided into eleven judicial districts, and after the year 1860 the general assembly may reorganize the judicial districts, and increase or diminish the number of districts, or the number of judges of said court, and may increase the number of judges of the supreme court; but such increase or diminution shall not be more than one district, or one judge of either court, at any one session, and no reorganization of the districts or diminution of the judges shall have the effect of removing a judge from office." It will be observed that this section is an inhibition from removing from office either a district or supreme judge by act of the legislature. But neither the provision cited, nor the amendment to the constitution authorizing the reorganization of the courts, has any reference to the courts created by any act of the legislature, or to the judges of such courts. It follows, therefore, that the legislature had the power to abolish the office of judge of the circuit court, and our sole inquiry must be directed to the question whether the power has been exercised.

In our opinion, the above cited sections of chapter 134, Acts Twenty-first General Assembly, together with the general repealing clause, operate as a repeal of the law creating the office of circuit judge. It is the fact that there were judicial circuits in which circuit courts were held, which made circuit judges necessary, and, when the court and circuit are abolished, it necessarily abolishes the office. The fact that the law provided for the election of a "circuit judge," (Code, § 586,) and did not designate the office as "judge of the circuit court," and that "the circuit court shall be held by the circuit judge," (Code, § 184,) is not to our minds a

controlling circumstance in determining the question whether the office has been abolished. The terms "circuit judge" and "judge of the circuit court" are convertible,—they mean precisely the same thing; and, if there is no circuit court, there can be no circuit judge, or judge of the circuit court.

If there is any distinction in meaning between the terms "circuit judge" and "judge of the circuit court," the question of the right to the salary after January 1, 1887, would appear to be disposed of by section 3774 of the Code, which provides that "the salary of each judge of the district and of the circuit court shall be twenty-two hundred dollars per annum." The salary is provided for the judge of the circuit court. Now, if there is no circuit court, there can be no salary.

It is true, as claimed by counsel, that the judges of the circuit court had other duties to perform, not connected with the holding of the court. They were required to appoint commissioners of insanity, to inspect jails, to send children to the reform schools, to inquire into the question as to the insanity of persons in confinement, etc. It is insisted that, as the office of circuit judge is not abolished, their powers and duties may now be exercised and performed by circuit judges, notwithstanding the circuit court is abolished. We think the said powers and duties depended upon the fact that there were not only judges of the circuit court, but that there were judicial circuits, and circuit courts. When the courts and circuits were abolished, there were no judges of the courts to perform these duties, and exercise these powers.

In our opinion the demurrer to the answer was properly overruled.

                                                    AFFIRMED.